**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2011

Lyle W. Cayce
Clerk

No. 10-51175
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISMAEL LEONARDO-DOROTEO, also known as Ismael Leonardo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2221-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ismael Leonardo-Doroteo (Leonardo) pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326 and was sentenced to a 46-month term of imprisonment, the lowest sentence in the applicable sentencing guidelines range of 46 to 57 months. He argues on appeal that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

When, as here, the district court has imposed a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness.  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Review is for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51-52 (2007).

We have considered and rejected Leonardo's argument that the Sentencing Guidelines overstate the seriousness of his offense by using a prior conviction to increase both his offense level and his criminal history score.  *See, e.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  His assertion that his illegal reentry was simply an international trespass is likewise unavailing.  *See, e.g., United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Leonardo properly acknowledges that his challenge to his sentence based on the lack of a "'fast track'" program  in the El Paso Division of the Western District of Texas is foreclosed by circuit precedent.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008).  He has not shown that the sentencing court considered any irrelevant or improper factors or that the court made a "clear error of judgment" in weighing the § 3553(a)  factors.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Accordingly, Leonardo has failed to demonstrate that his sentence is unreasonable.  *See Alonzo*, 435 F.3d at 554.

AFFIRMED.